## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| DAVID GAGNE, et al.,           )  | |
|                                )  | |
|         Plaintiffs             )  | |
|                                )  | |
| v.                             )  | Civil No. 05-77-P-S |
|                                )  | |
| GEORGE WESTON BAKERIES         )  | |
| DISTRIBUTION, INC.,            )  | |
|                                )  | |
|         Defendant              )  | |

### RECOMMENDED DISMISSAL OF COMPLAINT
### WITHOUT PREJUDICE

On April 25, 2006, after the plaintiffs' amended motion for class certification had been taken under advisement, the court granted without objection their motion to dismiss Count I of their three-count amended complaint.[1] *See* Order (Docket No. 65). Inasmuch as (i) the amended complaint had identified the basis for the court's jurisdiction as 28 U.S.C. § 1331 (federal-question jurisdiction), and (ii) Count I contained the plaintiffs' sole federal claim, I ordered the plaintiffs to elucidate whether there was an alternate basis for the exercise of the court's jurisdiction. *See* Procedural Orders (Docket Nos. 66 & 69). The plaintiffs have now conceded that there is no alternate basis for the exercise of original jurisdiction. *See* Response to Defendant's Argument Regarding Diversity Jurisdiction ("Plaintiffs' Second Brief") (Docket No. 70). However, they argue that the court should exercise its discretion pursuant to 28 U.S.C. § 1367 to retain supplemental jurisdiction over their single remaining claim (for breach of contract). *See* Plaintiffs' Response to Court's Order Dated April 26, 2006 ("Plaintiffs' First Brief") (Docket No. 67) at 5-7; Amended Complaint ("Complaint")

---

[1] The court had previously granted without objection the defendant's motion to dismiss Count III of the amended complaint. *See* Order (Docket No. 35).

(Docket No. 32) ¶¶ 52-66. For the reasons that follow, I recommend that the court (i) find that there is no supplemental jurisdiction over the remaining claim or, alternatively, decline to exercise supplemental jurisdiction over it and (ii) dismiss the amended complaint as it now stands (asserting only the breach-of-contract claim against the defendant) without prejudice.

As the First Circuit has observed:

> A federal court exercising original jurisdiction over federal claims also has supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. If, however, the court dismisses the foundational federal claims, it must reassess its jurisdiction, this time engaging in a pragmatic and case-specific evaluation of a variety of considerations that may bear on the issue. Among the factors that will often prove relevant to this calculation are the interests of fairness, judicial economy, convenience, and comity. Comity is a particularly important concern in these cases. As the Supreme Court observed in *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 [] (1966), "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not unsubstantial in a jurisdictional sense, the state claims should be dismissed as well." Accordingly, the balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation.

*Camelio v. American Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998) (citations and internal quotation marks omitted).

It is questionable, as a threshold matter, whether Count II is sufficiently related to Count I to fall within the umbrella of supplemental jurisdiction. Count I alleged a Fair Labor Standards Act violation stemming from the defendant's failure to pay the plaintiffs overtime wages despite their asserted status as non-exempt employees. *See* Complaint ¶¶ 52-58. Count II, by contrast, alleges breach of contract stemming, *inter alia*, from the defendant's (i) failure to properly serve as the plaintiffs' agent pursuant to the requirements of the parties' contracts, (ii) efforts to control the details of the plaintiffs' operations and (iii) issuance of breach letters that were without a reasonable basis in

fact. *See id*. ¶¶ 59-63. It is difficult to discern how the two claims arise from "the same nucleus of operative fact," as is required to sustain supplemental jurisdiction over a pendent state-law cause of action. *See Learnard v. Town of Van Buren*, 182 F. Supp.2d 115, 126 (D. Me. 2002) (citation and internal quotation marks omitted).

In any event, assuming *arguendo* that this court has supplemental jurisdiction over Count II, I recommend that the court decline to exercise it. Although the instant action was commenced more than a year ago (on April 21, 2005), it remains at an early stage. While, via both contested and uncontested motions, the parties have refined the case over the past year, whittling down the number of claims and parties involved, *see generally* Docket, certain critical deadlines (*e.g*., for the designation of expert witnesses, discovery and the filing of dispositive motions) and the expected trial date have yet to be set, *see* Report of Scheduling Conference and Order [Complex Track] (Docket No. 26). Even in cases in which foundational federal claims have fallen by the wayside much further along in the process – for example, at the summary-judgment stage – this court has declined to exercise supplemental jurisdiction over pendent state-law claims. *See, e.g., Gentle Wind Project v. Garvey*, 407 F. Supp.2d 282, 289 (D. Me. 2006); *Marr ex. rel. Marr v. Schofield*, 307 F. Supp.2d 130, 135 (D. Me. 2004).

The plaintiffs argue that, in this case, the court should retain jurisdiction inasmuch as (i) they have to date incurred more than $30,000 in attorney fees and likely would incur an additional $30,000 in such fees to complete discovery, pre-trial motions, preparation for trial and trial, (ii) the contract issues over which this court would be presiding are garden-variety, (iii) dismissal would be highly prejudicial because they have completed the lion's share of discovery, and (iv) the defendant, a huge corporation, would receive a reprieve (during which it would be free to continue its allegedly oppressive business practices) until the plaintiffs, small Maine businessmen who represent "Everyman," could regroup and refile in state court. *See* Plaintiffs' First Brief at 7.

These arguments are insufficiently weighty to tip the balance in favor of retaining jurisdiction when foundational federal claims have been dismissed at an early stage of litigation. The plaintiffs offer no explanation why the benefits of work accomplished in this forum – including discovery and motion practice refining this case – would be lost in shifting venues to state court. The hardship entailed in having to refile the case in state court is no different than that faced by any litigant (whether Everyman or a corporation) whose quest for justice is delayed in some measure by a court's declination to exercise supplemental jurisdiction over remaining state-law claims. Finally, while it is true that the existence of novel or complex state-law issues constitutes grounds for declining to exercise supplemental jurisdiction, *see, e.g., Learnard*, 182 F. Supp.2d at 127, the absence of such issues does not, standing alone, tip the balance in favor of exercising such jurisdiction.

For the foregoing reasons, I recommend that the court (i) find that there is no supplemental jurisdiction over the remaining claim or, alternatively, decline to exercise supplemental jurisdiction over it and (ii) dismiss the amended complaint as it now stands (asserting only the breach-of-contract claim against the defendant) without prejudice.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 18th day of May, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge
